UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ROBERT BOYKO and** ) | |
| **MARIAN CLARK,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-260 |
| ) | |
| **PARKVIEW HOSPITAL, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court are seven motions to seal (Docket # 54, 56, 58, 60, 62, 64, 66) filed by Defendants Daniel Whitley and the Department of Child Services ("DCS"), seeking to seal certain redacted documents filed in the Child in Need of Services (CHINS) matter in Allen Superior Court, which Defendants filed here in support of their motion for summary judgment (Docket # 53, 68).[1]  Defendants request that the documents be filed under seal "to protect the minor child's privacy interest."  Defendants do not, however, cite any authority, Ind. Code §§ 31-34 *et seq.* or otherwise, in support of their motion.

Upon review, four of the seven redacted documents that Defendants want to seal (Docket # 57 ("Writ"), 59 ("Verified Petition Alleging Children to Be in Need of Services"), 61 ("Preliminary Inquiry Order"), and 67 ("Declaration of Ruth Hazelet, R.N.")) do not contain any sensitive information other than that already publicly filed in Plaintiffs' complaint or amended complaint (Docket # 1, 33); Defendant Parkview Hospital's memorandum in support of motion for summary judgment (Docket # 37); or Whitley and DCS's memorandum in support of motion

---

[1] The minor children's names and other personal identifiers have been redacted.

for judgment on the pleadings or memorandum in support of motion for summary judgment (Docket # 47, 69). As a result, Defendants have not established "good cause" to seal these redacted documents. *See, e.g.*, *Spano v. Boeing Co.*, No. 3:06-cv-743, 2009 WL 1220626, at *1 (S.D. Ill. May 5, 2009) ("Under the Seventh Circuit's jurisprudence, the Court, acting as the 'representative of the public interest in the judicial process,' is to make a finding of good cause to seal any documents in the public record." (quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999)); *see generally First Nat'l Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002) ("The general rule is that the record of a judicial proceeding is public." (collecting cases)).

Good cause, however, does exist to seal the remaining three documents: "Affidavit" (Docket # 55), "Motion for Authorization to File CHINS Petition"2 (Docket # 63); and "Affidavit of Daniel Whiteley" (Docket # 65). These documents, even as currently redacted, contain sensitive information concerning the minor children. *See Jessup*, 277 F.3d at 928 ("When there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, *and the privacy of children*, portions and in extreme cases the entirety of a trial record can be sealed." (emphasis added)).

Therefore, the motions to seal pertaining to the "Affidavit" (Docket # 54), "Motion for Authorization to File CHINS Petition" (Docket # 62), and "Affidavit of Daniel Whiteley" (Docket # 64) are GRANTED. The Clerk is DIRECTED to maintain these documents (Docket # 55, 63, 65) under seal.

However, Defendants' motions to seal pertaining to the redacted "Writ" (Docket # 56), "Verified Petition Alleging Children to Be in Need of Services" (Docket # 58), "Preliminary

Inquiry Order (Docket # 60), and the "Declaration of Ruth Hazelet, R.N." (Docket # 66) are DENIED WITHOUT PREJUDICE.  Defendants are AFFORDED until February 3, 2012, to refile these motions to seal, citing relevant authority.  If Defendants fail to do so by such date, the Court will direct the Clerk to unseal the documents.

    SO ORDERED.

    Entered this 25th day of January, 2012.

                                                              /S/ Roger B. Cosbey  
                                                              Roger B. Cosbey,  
                                                              United States Magistrate Judge